UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMOR J. DEMBY,                     :
                                    :
        Plaintiff,                  :    1:20-cv-13893-NLH-AMD
                                    :
    v.                              :    OPINION
                                    :
                                    :
CITY OF CAMDEN and                  :
COUNTY OF CAMDEN,                   :
                                    :
        Defendants.                 :
_____ :

**APPEARANCE:**

Jamor J. Demby
552013
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

    Plaintiff *pro se*

**HILLMAN, District Judge**

    Plaintiff, Jamor J. Demby, is an inmate presently incarcerated in East Jersey State Prison, New Jersey. Plaintiff has brought a claim pursuant to the 42 U.S.C. § 1983 regarding his allegations that he was shot in the left elbow and left hip in Camden, New Jersey on June 15, 2004, and the City of Camden and the County of Camden failed to protect him. (Docket No. 1.)

    Plaintiff originally sought to bring his action without prepayment of fees ("in forma pauperis" or "IFP" application) pursuant to 28 U.S.C. § 1915(a)(1). On October 6, 2020, this Court directed the Clerk to administratively terminate the

action because Plaintiff's application was incomplete as he failed to provide a certified account statement covering the six-month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2); Local Civil Rule 54.3.  The Court also directed the Clerk to mail Plaintiff another IFP application to complete if he could not pre-pay the filing fee.  In that same Order, the Court denied Plaintiff's request for the appointment of counsel, instructing that the denial was without prejudice to Plaintiff's right to refile his motion should his action be reopened.  (Docket No. 3, 4.)

Since that time, Plaintiff resubmitted his IFP, filed a second motion to appoint pro bono counsel, which is currently pending, filed an amended complaint, and attempted to pay the full filing fee, but it was returned by the Clerk's office because it was not the proper amount.  On August 4, 2021, Plaintiff submitted the full filing fee.  On August 11, 2021, Plaintiff filed a request that his case be reopened.

Because Plaintiff has paid the proper filing fee, the Clerk shall be directed to reopen the action and file Plaintiff's original complaint (Docket No. 1) and Plaintiff's amended complaint (Docket No. 9), which is now the operative pleading.

As for Plaintiff's motion for the appointment of pro bono counsel, the Court must again deny that motion.  In addition to Plaintiff having not been granted IFP status, which is a

significant consideration in determining whether counsel should be appointed to a litigant, Plaintiff's motion fails to address the relevant factors that the Court must consider in deciding such an application.[1]  The denial of Plaintiff's motion will be without prejudice.

Plaintiff shall proceed with the prosecution of his case in accordance with the Federal and Local Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) (explaining that *pro se* litigants are not excused from following the procedural rules in ordinary civil litigation).  An appropriate Order will be entered.

Date: September 9, 2021              s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[1] There is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), but pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf.  Tabron, 6 F.3d at 155-157.