```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMOR J. DEMBY, | 1:20-cv-13893-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| CITY OF CAMDEN AND COUNTY OF CAMDEN, | |
| Defendants. | |

**APPEARANCES**:

Jamor J. Demby
552013
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

   *Plaintiff appearing pro se*

Murianda L. Ruffin
Assistant City Attorney
Camden City Attorney's Office
520 Market Street
Suite 419
Camden, NJ 08101

William F. Cook
Andrew S. Brown
Sean P. O'Brien
Brown & Connery LLP
360 Haddon Avenue
Westmont, NJ 08108

   *On behalf of Defendant City of Camden*

**HILLMAN**, District Judge

   This matter comes before the Court on the Defendant the

City of Camden's ("the City") Motion to Dismiss [Docket Number 31].  The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  The Court has considered the parties' submissions, and for the reasons expressed below, Defendant's motion will be granted.

I. **BACKGROUND**

As noted in the Court's prior Orders and Opinions, *pro se* Plaintiff Jamor J. Demby, an inmate presently incarcerated in East Jersey State Prison, initiated this civil action on October 5, 2020.  See Complaint [Dkt. No. 1].  Plaintiff alleges Defendants[1] are liable for violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.  See Amended Complaint [Dkt. No. 9].  Specifically, Plaintiff alleges that he was shot in the left elbow and left hip in Camden, New Jersey on the evening of June 15, 2004.  Id. at 1-2.  Plaintiff claims the City violated his 14th Amendment civil rights by "allowing the custom, practice and or procedure, coupled with an abdication of responsibilities, negligence and a failure to protect" because he was shot by an unknown person.  Id. at 2.  In short, Plaintiff claims five million dollars in compensatory damages

---

[1] The Complaint names both the City and Camden County as Defendants.  However, to date, Plaintiff has only served the City.

2

against the Defendants for their failure to protect him.  Id. at 2-3.

After a significant passage of time in which Plaintiff failed to serve the Defendants because he unsuccessfully sought to obtain an Order from the Court directing the United States Marshal to complete service, on January 26, 2022, the Court issued an Order [Dkt. No. 27] granting Plaintiff 120 days to complete service of process for all Defendants.  Plaintiff then served the City, filing proof of service February 7, 2022. Return of Service for Summons [Dkt. No. 29].  There is nothing in the record to indicate that Plaintiff has served Camden County.

On February 15, 2022, the City filed the instant motion to dismiss.  And, on February 24, 2022, Plaintiff filed opposition to the motion.  The motion is therefore ripe for adjudication.

## II. ANALYSIS

### A. Jurisdiction

As Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983, the Court has original subject matter jurisdiction over this matter because it arises under the laws of the United States, raising a federal question.  28 U.S.C. § 1331.

### B. Legal Standard

It is well settled that a pleading must be "a short and plain statement of the claim showing that the pleader is

3

entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

In addition, when considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

4

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted)).

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)). Thus, a court asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Id. (quoting Scheuer, 416 U.S. at 236).

"A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570); see also Fowler v. UPMC Shadyside,

5

578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provide[d] the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." Iqbal, 556 U.S. at 678.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is ultimately the defendant, however, that bears the burden of showing that no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

In addition, the Court must be mindful towards pro se pleadings. In particular, pro se complaints must be construed liberally, and all reasonable latitude must be afforded to the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed

6

without counsel."); see also Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (holding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

**C.  Analysis**

As noted above, Plaintiff's only claim is against the City of Camden for an alleged violation of 42 U.S.C. § 1983 for failing to protect him from being shot.  The City claims Plaintiff's Amended Complaint fail to state a claim.  Second, even if Plaintiff properly pled a § 1983 claim, the City argues that Plaintiff's claim is time barred by the affirmative defense of the statute of limitations.  The Court agrees that dismissal is warranted.[2]

---

[2] While the Court's ruling focuses on the statute of limitations, the Court also finds Plaintiff's threadbare Complaint fails to state a cognizable claim for § 1983 liability against Defendants.  Section 1983 is not an independent source of substantive rights.  Rather, to state a claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law."  Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)).  "Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a 'right or privileges secured by the Constitution or the laws of the United States' and (2) that plaintiff was deprived of his rights by a person acting under the color of state law."  Rodriguez v. N.J., No. 18-11166, 2021 U.S. Dist. LEXIS 9356, at *13 (D.N.J. Jan. 19, 2021) (quoting Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989)).  Here, Plaintiff's conclusory recitations of the elements of a Monell claim are insufficient on both elements.  See Benjamin v. E. Orange Police Dep't, 937

"Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Nonetheless, dismissal under Rule 12(b)(6) is appropriate based on the statute of limitations "when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).  In addition, a statute of limitation dismissal must consider the applicability of tolling doctrines in an appropriate case.  See Wisniewski, 857 F.3d at 157-58.

In order to determine the length of the statute of limitations for a § 1983 claim, courts must look to the state law statute of limitations for personal-injury torts.  See Wallace v. Kato, 549 U.S. 384, 387 (2007).  The applicable statute of limitations under New Jersey law is set forth in N.J. Stat. Ann. § 2A:14-2, which imposes a two-year statute of

---

F. Supp. 2d 582, 595 (D.N.J. 2013) (dismissing the claim against the city because the plaintiff failed to plead adequate facts demonstrating the existence of a policy or custom).  Indeed, Plaintiff cites to no law nor has the Court's independent research revealed any support for the notion that a municipality owes a generalized duty to the public under tort law to protect them from crimes committed by others.  Accordingly, dismissal is warranted because Plaintiff fails to allege the violation of any right or privileges secured by the Constitution or the laws of the United States, let alone the violation of his rights by a person acting under the color of state law.  See Fed. R. Civ. P. 12(b)(6) and 8.

8

limitations on actions for personal injury torts. See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); see also Parodi v. McLaughlin, 2009 WL 197575, at *2 (D.N.J. Jan. 26, 2009) ("The statute of limitations on claims of federal civil rights violations pursuant to § 1983 is borrowed from the state personal injury statute of limitations, which is two-years in New Jersey."); see also Bullock v. Borough of Roselle, 2018 WL 4179481, at *9 (D.N.J. Aug. 31, 2018) ("Like other federal and state courts before me, I conclude that NJCRA, like § 1983, is subject to the State's general two-year personal injury statute of limitations."). Thus, Plaintiff's claim faces a two-year statute of limitations.

The next question presented is when did the statute being to run. Federal law, which dictates the accrual date of a § 1983 claim, specifies that the clock begins when "the plaintiff has a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007). Here, Plaintiff filed the instant action on October 5, 2020, thus, in order for his claim to still be viable it must have accrued on or after October 5, 2018. On the face of the pleadings, Plaintiff alleges he was injured on June 15, 2004, when he was allegedly shot in Camden, New Jersey. Thus, at the very least, the statute of limitations on Plaintiff's claim began to run on June 15, 2004 and would have run out on June 15, 2006.

Seeming to acknowledge that his claim are time barred, Plaintiff argues the claim is timely because his mental state invokes the doctrine of equitable tolling. "Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). "The law is clear that courts must be sparing in their use of equitable tolling." Id. at 239. "A party must plausibly plead allegations to support equitable tolling and 'a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled.'" Margolis v. Warner Chilcott (US) LLC, No. 17-4550, 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (quoting Menichino v. Citibank, N.A., No. 12-0058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013)). A Plaintiff may not amend the pleadings through arguments found in his or her Opposition Brief in order to support application of equitable tolling. Margolis, 2018 WL 2455925, at *7 (D.N.J. May 31, 2018) (citing Pa. ex rel. Zimmerman v. Pepsico, 836 F.2d 173 (3d Cir. 1988)); see also Evans v. Gloucester Twp., 124 F. Supp. 3d 340, 343 (D.N.J. 2015) ("The Court rejects Plaintiff's attempt to invoke the doctrine of equitable tolling under New Jersey and federal law by relying on facts not pleaded in the

10

Amended Complaint.").

While not an exhaustive list, the Third Circuit has identified three principal situations where equitable tolling may be appropriate: "(I) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting her rights; or (3) where the plaintiff has timely asserted her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 111 F.3d 1380, 1387 (3d Cir. 1994).  An extraordinary circumstance is seen as sufficient to toll a statute of limitations when it "prevents a plaintiff from asserting a right despite the exercise of reasonable diligence." Hanani v. State of N.J. Dep't of Envtl. Prot., 205 F. App'x 71, 77 (3d Cir. 2006) (citing Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003)).

In his opposition brief, Plaintiff claims, in 2006, a court denied Plaintiff's request to self-represent in a criminal proceeding "on the basis that plaintiff did not understand his legal rights to proceed pro'se [sic] which also was upheld by the superior court appellate division as well as the United States District Court for the 3rd [sic] Cir.." Opposition Brief [Dkt. No. 33] at 2-3.  Plaintiff thus concludes that [b]ased upon the courts [sic] assessment of plaintiff's mental state, plaintiff clearly meets the criteria of the language for tolling

11

purposes according to the language of the statute, coupled with the trauma sustained by the violent act." Id. at 3.

"Mental incapacity, involving unusual circumstances, has been recognized as a basis for equitable tolling of statutes of limitations." Patnaude v. Gonzales, 478 F. Supp. 2d 643, 648-49 (D. Del. 2007). To warrant equitable tolling, "the alleged mental illness must be demonstrated and compelling." Id.; see, e.g., Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005) (holding that plaintiff's "*pro se* status and depression do not justify equitable tolling"); Powell v. Indep. Blue Cross, Inc., No. 95-2509, 1997 WL 137198 (E.D. Pa. Mar. 26, 1997) ("To toll a federal statute of limitations, plaintiff must suffer from a mental illness which in fact prevents [her] from managing [her] affairs and from understanding and acting on [her] legal rights."). Regarding mental illness, "such tolling would only be appropriate if the [] illness actually prevented [Plaintiff] from complying with the applicable statute of limitations." Vasquez v. Batiste, No. 14-4366, 2015 WL 6687549, at *3 (D.N.J. Oct. 30, 2015); see also Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (stating that the plaintiff's conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, was "manifestly insufficient to justify any further inquiry into tolling").

12

Accordingly, applying the above standards against the record does not present any of three situations that the Third Circuit identifies as applicable to equitable tolling. Moreover, the Court notes that Plaintiff's unsupported assertions raised for the first time in Plaintiff's opposition brief are insufficient to invoke equitable tolling. Some sixteen years passed between the time Plaintiff alleges he was shot and the bringing of this action. The pleadings are silent as to any issues that impaired or prevented Plaintiff from bringing the instant action within the applicable period of the statute of limitations, thus warranting dismissal with prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants Rule 12(b)(6) motion will be granted. An appropriate Order will follow.

Date: September 22, 2022          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.